IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JIMMIE DENNIS, JR., | ⅹ | |
| Petitioner, | ⅹ | |
| v. | ⅹ | No. 14-2004-STA-dkv |
| LINDA STEPHENSON, | ⅹ | |
| Respondent. | ⅹ | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the petition pursuant to 28 U.S.C. § 2241, titled "Jimmie Dennis Jr Indenpendent [sic] Action 2241 PETITION" (the "§ 2241 Petition") filed by Petitioner, Jimmie Dennis, Jr., Bureau of Prisons register number 28095-018, an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 1.) For the reasons stated below, the Court DENIES the § 2241 Petition.

## I. PROCEDURAL HISTORY

### A. The Criminal Case

On August 20, 2008, a grand jury in the Middle District of Florida returned a three-count indictment against Dennis.[1] Each count charged Dennis with distributing five grams or more of cocaine base, commonly known as "crack," on or about June 10, 2008 (Count 1), June 26, 2008 (Count 2), and July 15, 2008 (Count 3), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Dennis signed a Plea Agreement on May 13, 2009.[2] On May 13, 2009, Dennis appeared before United States Magistrate Judge James R. Klindt to plead guilty to Count 1 of the Indictment.[3] On May 13, 2009, the Magistrate Judge issued a report and recommendation on the change of plea.[4] On June 8, 2009, United States District Judge Timothy J. Corrigan accepted Dennis' guilty plea.[5]

At a hearing on November 19, 2009, Judge Corrigan granted the Government's motion to reduce Dennis' sentence because of his substantial assistance and sentenced Dennis to a term of imprisonment of one hundred five (105) months, to run concurrent with an unexecuted state sentence and to be followed by sixty (60)

---

[1] Indictment, <u>United States v. Dennis</u>, No. 3:08-cr-00296-TJC-JRK-1 (M.D. Fla.), ECF No. 1.

[2] Plea Agreement, <u>id.</u>, ECF No. 27.

[3] Min. Entry, <u>id.</u>, ECF No. 25.

[4] Report and Recommendation Concerning Plea of Guilty, <u>id.</u>, ECF No. 28.

[5] Acceptance of Guilty Plea, Adjudication of Guilt, and Not. of Sentencing, <u>id.</u>, ECF No. 29.

months of supervised release.[6] Judgment was entered on December 1, 2009.[7] An amended judgment was entered on February 4, 2010.[8]

In an order issued on December 6, 2011, Judge Corrigan appointed counsel and directed the parties to address the effect of Amendment 750 of the sentencing guidelines on Dennis' sentence.[9] On February 2, 2012, the parties filed a joint stipulation regarding the retroactive application of the crack cocaine amendments to Dennis' sentence.[10] On July 23, 2012, Judge Corrigan reduced Dennis' sentence to seventy (70) months, to run concurrently with his state sentence and consecutively to the sentence for the supervised release violation.[11]

On June 24, 2013, Dennis filed a motion in his criminal case in which he sought jail credit.[12] On July 17, 2013, the Government filed a motion to dismiss the pending motion for want of

---

[6] Min. Entry, id., ECF No. 35; Sentencing Hr'g Tr., id., ECF No. 48.

At the sentencing hearing, Judge Corrigan also sentenced Dennis to a consecutive term of 27 months for a supervised release violation in a prior federal criminal case arising from the same conduct. Sentencing Hr'g Tr. 47-48, id., ECF No. 48.

[7] J., id., ECF No. 36.

[8] Am. J., id., ECF No. 38.

[9] Order in re: Amendment 750 United States Sentencing Guidelines, id., ECF No. 40.

[10] Joint Stipulation Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines, id., ECF No. 50.

[11] Order, id., ECF No. 51.

[12] Mot. for Clarification of Order of Sentence, id., ECF No. 52.

jurisdiction.[13] Judge Corrigan issued an order on October 17, 2013, denying the motion for jail credit.[14]

**B.   Case Number 14-2004**

On January 2, 2014, Dennis filed his *pro se* § 2241 Petition. (ECF No. 1.) In his § 2241 Petition, Dennis argues that there was no federal jurisdiction over his criminal case because the State of Florida filed charges arising from the same conduct that were later dismissed. Petitioner relies on the Supreme Court's decision in <u>Bond v. United State</u>, ___ U.S. ___, 131 S. Ct. 2355, 180 L. Ed. 2d 2355 (2011), which held that a criminal defendant has prudential standing to challenge the statute of conviction as violating the Tenth Amendment.

The Court issued an order on January 3, 2014, directing Petitioner to file an *in forma pauperis* affidavit or pay the habeas filing fee. (ECF No. 3.) Petitioner paid the habeas filing fee on January 17, 2014. (ECF No. 4.) The Clerk shall record the respondent as FCI Memphis Warden Linda Stephenson.

**II.   THE LEGAL STANDARD**

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by

---

[13]   United States' Mot. to Dismiss. Def.'s *Pro Se* Mot. for Clarification of Sentence for Lack of Jurisdiction, <u>id.</u>, ECF No. 53.

[14]   Order, <u>id.</u>, ECF No. 54.

4

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking his conviction and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. Id. at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Id. (citations omitted). After its decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

5

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also* Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)). This standard has rarely been satisfied:

> These "actual innocence" cases have arisen from a common factual scenario; some prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined "use" in a restrictive manner in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). See 18 U.S.C. § 924(c)(1). These prisoners, who could not establish their innocence before Bailey, were barred from § 2255 relief after Bailey because successive

6

§ 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law.

Peterman, 259 F.3d at 462.

### III. ANALYSIS OF PETITIONER'S CLAIM

Dennis is not entitled to relief in this § 2241 Petition, which challenges his conviction. Dennis could have raised his Tenth Amendment challenge to the statute under which he was convicted on direct appeal or in a § 2255 motion. Dennis also has no argument that he is actually innocent of the drug distribution offense to which he pled guilty. *See* Rinaldi v. Zickefoose, 532 F. App'x 64, 65 (3d Cir. 2013) (affirming dismissing of § 2241 petition because "neither Bond nor another intervening change in the law has rendered the conduct for which Rinaldi was convicted — drug trafficking and firearms offenses — non-criminal, and so he cannot proceed under § 2241."), *cert. denied*, ___ U.S. ___, 134 S. Ct. 442, 187 L. Ed. 2d 312 (2013); Carney v. United States, 508 F. App'x 292, 293 (5th Cir. 2013) (per curiam) ("Bond does not satisfy the savings clause of § 2255(e) because, inter alia, it does not establish that Carney may have been convicted of a nonexistent offense."); Taylor v. Oliver, No. 2:13-cv-00328-JMS-MJD, 2013 WL 5177113 (S.D. Ind. Sept. 13, 2013) (denying § 2241 petition seeking relief from a drug conviction on the basis of Bond); Morgan v. Babcock, No. CIV S-11-3191 KJM GGH P., 2012 WL 4468601, at *6 (E.D. Cal. Sept. 26, 2012) (report and recommendation) (Bond does not authorize federal prisoner to challenge his convictions under §

7

2241); Matias v. Jett, Civil No. 12-63 (MJD/LIB), 2012 WL 983683 (D. Minn. Jan. 13, 2012) (report and recommendation) (denying relief under § 2241 because "Petitioner has not identified any claim for relief — including any claim based on the Tenth Amendment — that could not have been previously raised in his direct appeal or his § 2255 motion. The Supreme Court's recent decision in Bond does not allow him to invoke the savings clause, because the ruling in Bond does not afford Petitioner any new legal rights that he did not previously possess."), *adopted,* 2012 WL 983758 (D. Minn. Mar. 22, 2012).

Because Bond is not entitled to relief under 28 U.S.C. § 2241, the § 2241 Petition is DENIED. Judgment shall be entered for Respondent.

**III. APPEAL ISSUES**

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also* Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases

8

properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule Appellate Procedure 24(a), that any appeal in this matter would not

be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[15]

IT IS SO ORDERED this 3rd day of July, 2014.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[15] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.